IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00224-MR

| | |
|---|---|
| BON ALEXANDER STROUPE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. [Doc. 1].

I.   **BACKGROUND**

The Petitioner is a pretrial detainee at the Burke County Jail on several pending cases charges including case 20CR052892 (arson) and case 21CRS000102 (possession of a weapon by a felon).[1]  On August 5, 2021,[2] the Petitioner filed the instant *pro se* petition for writ of habeas corpus

---

[1] See http://www.morgantonps.org/p2c/InmateDetail.aspx?navid=637661804409301601 (last accessed Sept. 2, 2021); Fed. R. Ev. 201.  Petitioner's status on the Burke County Sheriff's Office website includes a "hold" by the "US Marshalls" for a probation violation. Id.

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2254 (prisoner mailbox rule applicable to § 2254 petitions).

pursuant to 28 U.S.C. § 2241. He names as the sole Respondent the United States of America. He alleges that the conditions in the Jail are violating his First and Fifth Amendment rights. He also appears to allege that there is an error in the criminal charging document and that he is actually innocent of the offenses for which he is being held. [Doc. 1 at 2].

As to the constitutional violations, Petitioner alleges that he and all other inmates at the Burke County Jail are being denied access to local and world news via television, radio, and newspapers, and that inmates are prohibited from using the U.S. Postal Service's registered, certified, and return-receipt mail services. [Id.].

With regard to the pending charges for which he is being detained, he alleges *verbatim*:

> Petitioner, is housed in Burke County Jail on North Carolina State charges of: (1) Attempted first degree arson, (lesser included offense) found during preliminary hearing. However, (lesser included offense) has never been distinguished e.g. sic. Case No. 20-CR-052892 (2) poss. of firearm by convicted felon, Case No. 21-CRS-000102. Awaiting jury trial on both (State of North Carolina) charges; and proclaiming 'factual and actual' innocence of: [invalid] indictment's e.g. sic. State charges has no relevance to petitioner's illegal sentence where United State's of America constitutional claims has been denied…."

[Id. at 3].

2

As relief, the Petitioner request that "this Honorable Court … (investigate) and 'make available []both United States of America Guarantee's of Constitutional Law.' As both these issue's [sic] contest the legality of [ ] all Burke County Jail inmate's confinement." [Id. at 9].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are property brought under § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). *Pro se* pleadings are construed liberally. See generally Haines v. Kerner, 404

3

Case 1:21-cv-00224-MR   Document 5   Filed 09/13/21   Page 3 of 9

U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

As a preliminary matter, it does not appear that the Petitioner has named any proper Respondent in this action. A habeas corpus petition must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the "proper respondent" in a habeas case is typically the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). Petitioner's direct custodian appears to be the Burke County Sheriff. Although the Petitioner also appears to have a federal detainer, he does not seek habeas relief on the basis of the detainer. Regardless, the Court need not resolve this issue at present because Petitioner has failed to state a cognizable claim for § 2241 relief.

While federal courts have the power to hear pretrial habeas petitions, "prudential concerns, such as comity and the orderly administration of

criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted). Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44 (citation omitted). The Fourth Circuit has stated that Younger abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first Younger prong, the Petitioner asserts that he is being detained pending trial on state criminal charges. As such, the Petitioner is involved in an ongoing state criminal proceeding.

Under the second prong, the Supreme Court has stated that "the States' interest in administering their criminal justice systems free from

5

Case 1:21-cv-00224-MR   Document 5   Filed 09/13/21   Page 5 of 9

federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted); see United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984) ("the fixing of bail 'is peculiarly a matter of discretion with the trial court.'") (quoting United States v. Wright, 483 F.2d 1068, 1069 (4th Cir. 1973)). Accordingly, the Petitioner's criminal proceedings implicate important state interests.

Under the third prong, the scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim.'" Id. (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

The Petitioner does not allege that he has filed a petition for a writ of habeas corpus in Superior Court or that he has petitioned the North Carolina

6

Court of Appeals for review.  See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus); In re Reddy, 16 N.C. App. 520, 192 S.E.2d 621 (1972) (allowing a petition for a writ of habeas corpus requesting a bail reduction).  Nor have the North Carolina courts had the opportunity to determine whether Petitioner's claims of a charging error and that he is actual innocent warrant dismissal of the criminal cases.  See Dickerson, 816 F.2d at 226 (as a general matter, "an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas") (quoting Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)).  Because the Petitioner has the opportunity to raise the instant claims in the state courts, he has an adequate remedy at law.[3]  See Younger, 401 U.S. at 43-44.

The Petitioner has failed to demonstrate that any special circumstances exist which would permit this Court to resolve the Petitioner's claims before giving the North Carolina courts the opportunity to resolve them in the first instance.  Accordingly, Younger abstention is appropriate here.

---

[3] For the same reasons, it appears that the Petitioner has failed to exhaust his available state remedies before filing his § 2241 Petition.  His allegation in the § 2241 Petition that he has presented these claims in Detention Center grievances fails to demonstrate that these matters have been exhausted in the North Carolina courts.  Robinson, 855 F.3d at 283.

7

Case 1:21-cv-00224-MR   Document 5   Filed 09/13/21   Page 7 of 9

The Petitioner also alleges that the conditions of his confinement at the Jail are violating his First and Fifth Amendment rights in that he is being denied access to the news and to certain mail services.[4] These claims about the conditions of his confinement should be raised in a § 1983 case rather than in this § 2241 proceeding. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas petitions are traditionally brought to challenge "the very fact or duration of his physical confinement"); Wilborn v. Mansukhani, 795 F. App'x 157 (4th Cir. 2019) (noting that there is a circuit split regarding whether conditions of confinement claims are cognizable in a habeas proceeding; declining to depart from prior unpublished holdings that conditions of confinement claims are not cognizable under § 2241); Rodrigez v. Ratledge, 715 F. App'x 261 (4th Cir. 2017) (deciding conditions of confinement claims are not cognizable in § 2241 petitions). The Clerk will be instructed to mail the Petitioner a § 1983 form so that he may initiate a

---

[4] The Petitioner also attempts to assert these claims on behalf of the Jail's other inmates. However, as a *pro se* inmate, the Plaintiff is not qualified to assert claims on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

separate civil action addressing the conditions of his confinement, if he wishes to do so.[5]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to mail the Petitioner a prisoner § 1983 complaint form.

**IT IS SO ORDERED.**

Signed: September 13, 2021

Martin Reidinger
Chief United States District Judge

---

[5] The Court makes no determinations of merit or procedural viability of such an action.